## SNYDER *v.* BROOKS.

*(Supreme Court, General Term, Fifth Department.   April 13, 1892.)*

ESTOPPEL IN PAIS—FAILURE TO ASSERT CLAIM.

> Plaintiff, one of the administrators of her deceased husband's estate, together with defendant, the other administrator, made an inventory of the estate, and included therein some property belonging to plaintiff, who, at the time, informed defendant of her claim, and always afterwards insisted on it to him. Defendant afterwards sold the property in question as part of decedent's estate. *Held*, that plaintiff was not estopped, after a final settlement of the estate, to sue defendant for the price of such property, as she did no act which led defendant to do anything or incur any obligation which he would not otherwise have done or incurred.

Appeal from Allegany county court.

Action by Marena Snyder against William P. Brooks for money had and received by defendant to use of plaintiff, being amount of proceeds of sale of a cow belonging to plaintiff. Judgment was given for plaintiff, from which defendant appealed to the county court. Judgment reversed. Plaintiff now appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. H. Relya*, for appellant. *Frank Harding*, for respondent.

MACOMBER, J.   This action was originally begun in a court of a justice of the peace to recover for moneys had and received by the defendant to the use of the plaintiff, being the amount of the proceeds of the sale of a cow belonging to plaintiff. Evidence before the justice was given showing that the cow in question belonged to the plaintiff. The plaintiff and defendant were the administrators of the estate of one David C. Hopkins, deceased, the latter being the husband of the plaintiff at the time of his death. This cow was put in the inventory of the estate by the defendant, but the plaintiff informed the latter, at the time, that the cow belonged to her. Nevertheless the plaintiff, together with the defendant, verified the inventory, and the cow was sold, together with other property, at a public auction, and the defendant received for her $13.50 at such sale. The learned county judge, in reversing the judgment of the justice, put his decision upon the ground that it would be gross injustice to allow the plaintiff to waive the claim after so long a time, and have the estate of her husband increased by the amount received for the cow, after a final settlement of the estate, when the defendant has no chance to reimburse himself, or get a further adjustment of his accounts. But we do not understand that there is any principle of estoppel in the facts disclosed which could be applicable to this case. The plaintiff evidently was not well acquainted with the mode of conducting the business in the surrogate's court, though the defendant apparently was. She did no act which led the defendant into doing anything, or incurring any obligation, which he would not have done or incurred except for such acquiescence. He admits that the plaintiff told him that the cow was hers, and then he advised her not to insist upon her claim. But she did insist upon it, as to the defendant, consistently. For this reason we think that the judgment of the county court should be reversed, and that of the justice affirmed. Moreover, we think there was some misapprehension on the part of the county judge of the testimony of the defendant. The latter testified that, when a demand for the proceeds of the sale was made upon him, he then had in his hands sufficient moneys to pay the same, which fund had been realized from the sale of real estate of the decedent for the payment of debts. There is another question in the case, not considered by the learned county judge, relating to testimony touching the declaration of the deceased, to the effect that the cow did not belong to him. But we deem this not of sufficient moment to cause a reversal of the judgment of the justice, because there was other and satisfactory evidence establishing the fact of ownership in the plaintiff. Indeed, there is no evidence in the case seriously controverting that

fact; and consequently, there being no estoppel, the plaintiff had a right to recover the money. Judgment of the county court reversed, and that of the justice of the peace affirmed, with, costs in both courts. All concur.